UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2023

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 23-CR-302 (JDB) |
|---|---|---|
| v. | : | GRAND JURY ORIGINAL |
| JORGE CRUZ MALDONADO, VLADIMIR ROQUE CERON, FRANCISCO ALEXANDER ROSALES-DIAZ, ERIK RIVERA GARCIA, CILA MELGAR RODRIGUEZ, also known as "Paipa" XIOMARA MELGAR RODRIGUEZ, RODGER BONILLA VARGAS, also known as "Paki," <br><br> Defendants. | : | VIOLATIONS: <br> 21 U.S.C. § 846 <br> (Conspiracy to Distribute and Possess With Intent to Distribute Five Hundred Grams or More of Cocaine and a Mixture and Substance Containing a Detectable Amount of Fentanyl) <br> 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(ii) <br> (Unlawful Distribution of Five Hundred Grams or More of Cocaine) <br> 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(ii) <br> (Unlawful Possession with Intent to Distribute Five Hundred Grams or More of Cocaine) <br> 18 U.S.C. § 924(c)(1)(A)(i) <br> (Using, Carrying, and Possessing a Firearm in Furtherance of a Drug Trafficking Offense) <br> 18 U.S.C. § 922(g)(5) <br> (Unlawful Possession of a Firearm and Ammunition by a Prohibited Person) <br> 18 U.S.C. § 922(g)(5) <br> (Unlawful Possession of Ammunition by a Prohibited Person) <br> 18 U.S.C. § 1956(h) <br> (Conspiracy to Launder Monetary Instruments) <br> 18 U.S.C. § 2 <br> (Aiding and Abetting) <br><br> FORFEITURE: <br> 21 U.S.C. §§ 853(a) and (p); <br> 18 U.S.C. § 924(d); <br> 18 U.S.C. § 982(a)(1); and <br> 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

## COUNT ONE

From on or about March 2023 and continuing to on or about November 30, 2023, within the District of Columbia and elsewhere, **JORGE CRUZ MALDONADO, VLADIMIR ROQUE CERON, FRANCISCO ALEXANDER ROSALES-DIAZ, ERIK RIVERA GARCIA, CILA MELGAR RODRIGUEZ, also known as "Paipa," and RODGER BONILLA VARGAS, also known as "Paki,"** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance and the amount of said mixture and substance was five hundred grams or more, and a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and 841(b)(1)(C).

**(Conspiracy to Distribute and Possess with Intent to Distribute Five Hundred Grams or More of Cocaine and a Mixture and Substance Containing a Detectable Amount of Fentanyl**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about August 8, 2023, within the District of Columbia, **JORGE CRUZ MALDONADO**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was five hundred grams or more.

**(Unlawful Distribution of Five Hundred Grams or More of Cocaine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii))

## COUNT THREE

On or about August 18, 2023, within the District of Columbia, **JORGE CRUZ MALDONADO, FRANCISCO ALEXANDER ROSALES-DIAZ, and ERIK RIVERA GARCIA**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was five hundred grams or more.

(**Unlawful Possession with Intent to Distribute Five Hundred Grams or More of Cocaine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii))

## COUNT FOUR

On or about August 18, 2023, within the District of Columbia, **JORGE CRUZ MALDONADO, FRANCISCO ALEXANDER ROSALES-DIAZ, ERIK RIVERA GARCIA,** and **CILA MELGAR RODRIGUEZ, also known as "Paipa,"** did unlawfully and knowingly use and carry, during and in relation to, and did possess in furtherance of, a crime of violence or drug trafficking offense, for which they may be prosecuted in a court of the United States, that is, as to **JORGE CRUZ MALDONADO, FRANCISCO ALEXANDER ROSALES-DIAZ,** and **ERIK RIVERA GARCIA,** Counts One and Three of this Indictment, and as to **CILA MELGAR RODRIGUEZ, also known as "Paipa,"** Count One of this Indictment, which are incorporated herein, a firearm, that is, a Smith & Wesson Hammerless, .38 caliber special revolver, bearing serial number DDD6926, and a Polymer 80, 9mm Privately Manufactured Firearm (PMF).

(**Using, Carrying, and Possessing a Firearm in Furtherance of a Drug Trafficking Offense and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2)

## COUNT FIVE

On or about August 18, 2023, within the District of Columbia, **ERIK RIVERA GARCIA**, then being an alien illegally and unlawfully in the United States, did knowingly possess in and affecting commerce, a firearm and ammunition, that is, a Smith & Wesson Hammerless, .38 caliber special revolver, bearing serial number DDD6926, with 5 rounds of .38 caliber ammunition, and an additional 4 rounds of .38 caliber rounds, which had been shipped in interstate commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Prohibited Person**, in violation of Title 18, United States Code, Section 922(g)(5))

## COUNT SIX

On or about August 18, 2023, within the District of Columbia, **FRANCISCO ALEXANDER ROSALES-DIAZ**, then being an alien illegally and unlawfully in the United States, did knowingly possess in and affecting commerce, ammunition, that is, a 30 round magazine containing 22 rounds of 9mm

ammunition, and a magazine containing 9 rounds of 9mm ammunition, which had been shipped in interstate commerce.

(**Unlawful Possession of Ammunition by a Prohibited Person**, in violation of Title 18, United States Code, Section 922(g)(5))

## COUNT SEVEN

From on or about February 1, 2023, until on or about November 30, 2023, **XIOMARA MELGAR RODRIGUEZ** and **CILA MELGAR RODRIGUEZ, also known as "Paipa,"** in the District of Columbia and elsewhere, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in

violation of Title 21, United States Code, Section 846, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

(**Conspiracy to Launder Monetary Instruments**, in violation of Title 18, United States Code, Section 1956(h))

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Counts One through Three of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2. Upon conviction of the offense alleged in Counts Four through Six of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Smith & Wesson Hammerless, .38 caliber special revolver, bearing serial number DDD6926, and a Privately Manufactured Firearm (PMF), with a 30 round magazine containing 22 rounds of 9mm ammunition, a magazine containing 9 rounds of 9mm ammunition, 5 rounds of .38 caliber ammunition, and an additional 4 rounds of .38 caliber rounds.

3. Upon conviction of the offense alleged in Count Seven of this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment against the defendants

equal to the value of any property, real or personal, involved in this offense, or any property traceable to such property.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p), Title 18, United States Code, Sections 924(d) and 982(a)(1), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves/ccw*
Attorney of the United States in
and for the District of Columbia.